UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SANTA FANI ESPINOSA HERNANDEZ, | No. 5:26-cv-03147-JDE |
| Petitioner, | |
| v. | ORDER REGARDING PETITION |
| FERETI SEMAIA, et al., | |
| Respondents. | |

## I.

## PROCEEDINGS

On June 8, 2026, through counsel, Santa Fani Espinosa Hernandez ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). She seeks release; a declaration that Respondents violated her constitutional, statutory, and regulatory rights; an order enjoining Respondents from detaining her in the future without reasonable notice and an opportunity to be heard and barring her transfer from Adelanto Detention Facility; and attorney's fees and costs. Id. at 15. Respondents filed an Answer on June 15, 2026. Dkt. 8 ("Ans."). Petitioner filed a Reply on June 16, 2026. Dkt. 10.

For the reasons discussed below, the Petition be granted, in part.

## II.

## BACKGROUND

Petitioner, a citizen of Mexico, attempted to enter the United States multiple times. Pet. ¶¶ 1-3. On her second attempt, she was ordered removed. Id. ¶ 2. She entered a third time in April 2004 without inspection. Id. ¶ 3. On or about July 2, 2013, she was involved in a traffic accident and issued a ticket for driving without a license. When she did not appear in court, a hearing she was unaware of, a warrant was issued for her arrest. Id. ¶ 5. After the arrest, she was referred to immigration authorities and applied for asylum. Id. ¶ 6; Ans., Exh. 1. On July 8, 2013, Petitioner was released on an order of supervision ("OSUP"). Pet. ¶ 29, Exh. 4; Ans., Exh. 1.

On April 3, 2015, an immigration officer denied her claim of fear, reinstated her prior removal order, and referred the matter to an immigration judge ("IJ"), who vacated the decision and placed Petitioner in withholding-only proceedings on July 14, 2015. Pet. ¶ 7, Exh. 2; Ans. at 2, Exh. 1. On June 3, 2024, the IJ denied Petitioner's requests for asylum, withholding of removal and protection under the Convention Against Torture. Pet. ¶ 28, Exh. 3.

On May 9, 2025, Petitioner was assigned to the ISAP program, requiring monthly office visits, weekly photographs, and an ankle monitor. Pet. ¶ 8, Exh. 5. When Petitioner reported for her scheduled appointment on May 20, 2026, she was detained "after being verbally told that she was arrested for being late to the meetings to provide photos which she categorically denies." Id. ¶ 10. Her OSUP was terminated "due to multiple Alternative to De[ten]tion violations." Ans., Exh. 1. Petitioner remains in custody. Pet. ¶ 12.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §

2

2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759. Here, Petitioner contends her detention is unlawful because: (1) the 90-day removal period has expired, entitling her to release on supervision; (2) her detention violates the limits established by Zadvydas v. Davis, 533 U.S. 678 (2001); (3) she was detained without notice of the reasons for revocation of her OSUP and an informal interview in violation of her due process rights and the governing regulations; and (4) there is no legitimate government interest in her detention.

Under 8 U.S.C. § 1231(a)(1)-(2), a noncitizen, who is subject to a final order of removal, shall be detained during the 90-day "removal period" in order to execute the removal. The "removal period" begins on the latest of the following: "(i) [t]he date the order of removal becomes administratively final[;] (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order[;] [or] (iii) [i]f the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). A noncitizen may be detained beyond the removal period in certain circumstances under 8 U.S.C. § 1231(a)(6). If released, the noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The revocation of release is governed by 8 C.F.R. §§ 241.4(l) and 241.13(i), which require that "[u]pon revocation" the noncitizen

"be notified of the reasons for revocation of his or her release" and given "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." Section 241.13(i)(3) provides that the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." Further, "[t]he revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." Id.

Petitioner first argues that her detention violates 8 U.S.C. § 1231 because the 90-day removal period has expired. Citing 8 U.S.C. § 1231(a)(3), Petitioner contends that once the 90-day removal period expired without her removal to Mexico, "ICE lost its general detention authority," and she "was entitled to supervised release as a matter of law." Pet. at 7-9. Petitioner cites no Supreme Court or Ninth Circuit authority establishing that the government lacks authority to detain a noncitizen for purposes of removal if Petitioner was not detained during the 90-day removal period. "[T]he government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order at this time." Piao v. Lyons, 2025 WL 3046783, at *2 (E.D. Va. Oct. 31, 2025); Lin v. United States, 2007 WL 951618, at *3 (S.D. Tex. Mar. 28, 2007) (holding "there is nothing in § 1231 to indicate that the Attorney General cannot enforce those removal orders 'late'"). The government has authority to remove Petitioner, and the authority to remove necessarily implies the authority to detain Petitioner to effectuate the removal, subject to limits on the length of such detention.

Further, Petitioner has only been detained for a month – well within the presumptively reasonable six-month period set forth in Zadvydas. Although Petitioner contends that "this six-month period begins on the date when the removal order becomes final, not when ICE chooses to effectuate physical detention" (Pet. at 10), "Zadvydas is concerned with how long a non-citizen is held in detention, not how long after the final removal order the detention occurs." Sinanyan v. Santacruz, 2026 WL 638644, at *3 (C.D. Cal. Mar. 2, 2026). In Zadvydas, the Supreme Court held that the "indefinite detention" of noncitizens subject to final orders of removal raises "serious constitutional concerns." 533 U.S. at 682. The Court found that 8 U.S.C. § 1231(a)(6) "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." Id. at 689. The Court held that six months was a presumptively reasonable period of detention. Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. Based on Zadvydas, the Court finds Petitioner's arguments that the six month period begins on the date when the removal order becomes final, regardless of detention, and out-of-district district court decisions cited in support, unpersuasive. As Petitioner's detention is within the presumptively reasonable six-month period and she has not shown that her removal is not reasonably foreseeable, she has not stated a due process violation under Zadvydas.

Finally, Petitioner claims she was detained without notice or an informal interview in violation of her due process rights and 8 C.F.R. § 241.13(i) and

there is no legitimate government interest in her detention. Pet. at 8, 10-11, 13-15. As noted, 8 C.F.R. § 241.13(i)(3) provides, "[u]pon revocation" of release, the noncitizen "be notified of the reasons for revocation of his or her release," and be afforded "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." Respondents indicate that Petitioner's OSUP was "terminated due to multiple Alternative to Detention violations." Ans. at 2. Petitioner concedes that she was arrested after being verbally told that she was being arrested for being late to the meetings to provide photos. Pet. ¶ 10. The Form I-213 attached to the Answer reflects that Petitioner's OSUP was terminated for four separate Alternative to Detention ("ATD") violations by missing biometric check-ins, and given notice at or near the time of arrest. Ans., Exh. 1. It also states, "Due to the history of multiple violations of the ATD program, the Department of Homeland Security determined that you are a flight risk" (id.), undermining Petitioner's claim that the government lacked a legitimate government interest in detention. While Petitioner may contest the basis for her detention, she has not shown she is entitled to habeas relief due to lack of notice or legitimate reason for detention.

In contrast, Petitioner has shown that she was not provided an informal interview or an opportunity to respond. Petitioner contends that she was never provided an informal interview or an opportunity to contest the termination of her OSUP. Pet. ¶¶ 13, 32, 44. Respondents have not submitted any evidence that Petitioner was provided an opportunity to respond either prior to arrest or at any time thereafter. Even in their briefing to this Court, Respondents do not claim they provided Petitioner an opportunity to be heard, arguing only that she is not entitled to a bond hearing under Section 1226(a), which is not what she is seeking. On this record, the Court finds the revocation of Petitioner's OSUP without an opportunity to respond violated the governing regulations.

While Petitioner seeks immediate release, given Respondents' contentions that Petitioner violated the conditions of her OSUP, the Court finds immediate release is not warranted. Instead, an informal interview as required by 8 C.F.R. § 241.13(i)(3), at which Petitioner may contest the basis for her detention, including whether she violated the OSUP, is appropriate. See Sinanyan, 2026 WL 638644, at *3; Pogosyan v. Bondi, 2025 WL 3898485, at *8-9 (C.D. Cal. Dec. 3, 2025).

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

1. Granting the Petition, in part, on Count Three and ORDERING Respondents to:

    a. provide **Petitioner Santa Fani Espinosa Hernandez (A# 098 214 679)** with informal interview within <u>five days of this Order</u> under 8 C.F.R. § 241.13(i)(3), affording her an opportunity to contest the revocation of her OSUP, at which Petitioner may be represented by counsel and shall be permitted to present evidence, with instructions that a written, reasoned decision be issued if release is not granted; and

    b. if no such compliant informal interview is provided within five days, release Petitioner, subject to her prior OSUP conditions; and

2. Denying the Petition without prejudice in all other respects.

Dated: _June 18, 2026_

_____
JOHN D. EARLY
United States Magistrate Judge

7